J-S41034-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DENNIS L. SHIRES, II, | : | |
| | : | |
| Appellant | : | No. 233 MDA 2019 |

Appeal from the Judgment of Sentence Entered July 6, 2017
in the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0002155-1998

BEFORE:   LAZARUS, J., MURRAY, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED SEPTEMBER 24, 2019**

Dennis L. Shires, II (Appellant) appeals *nunc pro tunc* from his July 6, 2017 judgment of sentence, which the trial court imposed after revoking Appellant's probation.  Appellant's counsel has filed a petition to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).  Upon review, we deny counsel's petition without prejudice and remand for further proceedings consistent with this memorandum.

In 1998, Appellant entered a video store, wearing a ski mask and brandishing a knife.  He took the 17-year-old female clerk into the adult video room, forced her to perform various sexual acts.  Despite Appellant's attempt to hide his face in the ski mask, the clerk was able to discern his identity because he was a regular customer at the store.

---

*Retired Senior Judge assigned to the Superior Court.

At Appellant's non-jury trial in 1999, he and the Commonwealth stipulated to the entry of evidence in lieu of testimony. The trial court convicted him of rape, involuntary deviate sexual intercourse (IDSI), aggravated indecent assault, sexual assault, indecent assault, and simple assault, and sentenced him to 15 to 30 years of imprisonment. Appellant filed an appeal, and, based upon the admission of testimony through stipulation that should have been inadmissible due to privilege, this Court vacated his judgment of sentence and remanded for a new trial. *Commonwealth v. Shires*, 777 A.2d 509 (Pa. Super. 2001).

On remand, Appellant pleaded guilty to rape, IDSI, and aggravated indecent assault. On October 23, 2002, in accordance with the plea agreement, he was sentenced to 5 ½ to 11 years of incarceration for rape, followed by 3 ½ to 7 years of incarceration for aggravated indecent assault, followed by "supervision by the State Board of Probation and Parole [(Board)]" for a period of 20 years for IDSI. Order, 10/29/2002, at 1-2. Appellant received time credit dating back to his initial incarceration date, which was November 22, 1998. *Id.* at 2. The trial court made Appellant's payment of costs, fines, and restitution "a condition of intermediate punishment, probation[,] or parole supervision." *Id.* The order does not reference any other conditions of Appellant's probation. No appeal was filed.

At some point that is not clear from the certified record, Appellant apparently was paroled, completed his parole, and began serving his

probationary tail. Nothing further appears on the docket until December 28, 2016, when an order dated December 15, 2016, was entered. The order stated that "as additional conditions of [Appellant's] special probation, [Appellant] must comply with the conditions governing probation and parole, the standard special conditions for sex offenders, and any supplemental standard special conditions of supervision." Order, 12/28/2016, at 1. A notation on the order indicates that it was served on the Public Defenders' office, and not Appellant directly. No transcript or pleading corresponding to this order appears in the record, making it wholly unclear why it was entered.

On March 9, 2017, an order was entered on the docket indicating that a preliminary special probation violation hearing was held on March 2, 2017, after which the trial court found probable cause to believe Appellant violated the conditions of his special probation. Order, 3/9/2017, at 1. Neither the precipitating petition nor a transcript of this hearing appears in the certified record.

On April 19, 2017, the trial court conducted a special probation violation hearing, and found that the allegations in the Commonwealth's petition occurred as alleged based upon a counseled admission by Appellant. Order, 4/25/2017, at 1. While Appellant admitted that he had engaged in the acts alleged by the Commonwealth, he denied that the acts violated any

terms of his probation.[1]  N.T., 4/19/2017, at 5-6, 9.  According to Appellant, the acts may have violated terms of his parole, but after his parole expired and his consecutive probationary sentence began, he was no longer subject to the special conditions.  *Id.*  The trial court rejected Appellant's argument, determining that the special "conditions survived the change from parole status to probation status."  Order, 4/25/2017, at 1.  The trial court revoked Appellant's probation on the IDSI conviction and continued the matter for sentencing.  The trial court noted that in making its determination, it did not consider the December 15, 2016 order because there was no indication that Appellant was ever served with or otherwise received notice of the order.

On July 6, 2017, Appellant was sentenced to three to ten years of incarceration, to be followed by a period of special probation of ten years. Appellant, through his counsel, timely filed a notice of appeal from his judgment of sentence.  However, on February 12, 2018, this Court dismissed his appeal after his counsel failed to file a brief.  Appellant timely filed *pro se* a petition for relief pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, which sought, *inter alia*, to reinstate his direct appeal rights based upon counsel's failure to file a brief.  Tricia Hoover Jasper,

---

[1] It is not clear from the record what the allegations were.  As noted *infra*, the petition does not appear in the certified record.  The only specific allegations mentioned during the hearing were that Appellant had viewed pornography on his phone and was unsuccessfully discharged from sex offender treatment.  *Id.* at 6, 14-15.

Esquire was appointed as counsel, the petition was amended, and on January 8, 2019, the PCRA court reinstated Appellant's direct appeal rights *nunc pro tunc*. This appeal timely followed.

In lieu of a concise statement pursuant to Pa.R.A.P. 1925(b), Attorney Hoover Jasper filed a statement of intent to file an *Anders* brief pursuant to Pa.R.A.P. 1925(c)(4). Instead of filing an opinion pursuant to Pa.R.A.P. 1925(a), the trial court indicated that it would be relying upon the trial court's Rule 1925(a) opinion that was filed on September 25, 2017, before this Court dismissed Appellant's appeal of his judgment of sentence stemming from his probation violation.

In this Court, Attorney Hoover Jasper filed both an *Anders* brief and a petition to withdraw as counsel. Appellant filed a response *pro se*. Accordingly, the following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….

> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's

- 5 -

petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted). Our Supreme Court has clarified portions of the *Anders* procedure:

[I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with **citations to the record**; (2) **refer to anything in the record that counsel believes arguably supports the appeal**; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. **Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.**

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009) (emphasis added).

Counsel has failed to satisfy these requirements. First, counsel's *Anders* brief does not contain any citations to the record, save for one. Nor does it refer to anything in the record that counsel believes arguably supports the appeal. Although counsel states that her conclusion that this appeal is frivolous followed an examination of the record, Appellant's file, and applicable law, *see* Petition to Withdraw Appearance, 3/26/2019, at ¶ 4, our review of the record reveals the absence of several crucial documents.

The certified record does not contain the Commonwealth's petition to revoke Appellant's probation, any of the orders or documents listing Appellant's conditions of parole and/or probation, and the transcript from Appellant's sentencing hearing after his guilty plea.[2]  Counsel identifies the issue of arguable merit as "whether the court erred in finding Appellant violated his consecutive probation when the violations involved violations of the special conditions of his now expired parole sentence."  **Anders** Brief at 9 (capitalization altered).  Despite identifying the issue as directly involving the conditions of his parole and/or probation, counsel did not ensure that the conditions were included in the certified record, let alone discuss the conditions in any detail.  The September 25, 2017 Rule 1925(a) opinion refers to conditions signed on February 9, 2010, May 20, 2016, and May 31, 2016.  These do not appear in the record, and counsel does not discuss them.  She vaguely refers to "special conditions" signed by Appellant without ensuring the conditions were included in the record or even identifying the date Appellant purportedly signed the conditions.  **Anders** Brief at 9.

Without the conditions, "[c]ounsel could not have fulfilled [her] duty to review the record for any non-frivolous issues."  **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015).  Additionally, counsel's

---

[2] Appellant's *pro se* PCRA petition has some attachments that may be relevant.  However, counsel makes no effort to discuss them or explain why they were never entered on the docket in the first place.

- 7 -

failure to ensure the conditions were included in the record prevents this Court from satisfying its obligations under **Anders** and its progeny. **See Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*) (holding that we must first consider the issue raised by counsel, and then have the responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated"); **Commonwealth v. Bennett**, 124 A.3d 327, 333 (Pa. Super. 2015) ("[W]hen an appellant, either acting *pro se* or through private counsel, files a response to the **Anders** brief, our independent review is limited to those issues raised in the **Anders** brief. We then review the subsequent *pro se* or counseled filing as we do any advocate's brief."); **Commonwealth v. Curry**, 931 A.2d 700, 702 (Pa. Super. 2007) ("Failure to supply a complete record to this Court for independent review will render a request to withdraw technically inadequate."); **Commonwealth v. Vilsaint**, 893 A.2d 753, 757 (Pa. Super. 2006) (holding that counsel has a duty to client in **Anders** case to ensure we have received the entire record).

Furthermore, in the **Anders** brief, counsel briefly refers to **Vilsaint** and **Commonwealth v. McGregor**, 912 A.2d 315 (Pa. Super. 2006) as the cases relied upon by Appellant. Although it is counsel's responsibility to "articulate the relevant facts of record, controlling case law, and/or statutes

on point that have led to the conclusion that the appeal is frivolous," counsel

simply concludes that

> Appellant's reliance upon the abovementioned cases is flawed, because of the facts of this case. There was a court order imposing the special conditions and his probation officer testified unambiguously that Appellant "would have known a hundred percent" what his conditions were. Therefore, this issue has no merit and is frivolous.

***Anders*** Brief at 10-11. Not only did counsel fail to cite to or set forth the

conditions of Appellant's probation as discussed above, counsel's conclusory

statement falls short of being "a discussion of counsel's reasons for believing

that the client's appeal is frivolous" as required by ***Santiago***. 978 A.2d at

360. Once counsel has obtained the conditions, we expect counsel to

explain specifically why counsel believes ***Vilsaint*** and ***McGregor*** merit

Appellant no relief. Furthermore, counsel must analyze Appellant's claim

under all controlling case law and not just the cases to which Appellant cites.

Accordingly, we deny counsel's petition to withdraw and remand this

case for further proceedings consistent with this memorandum. Upon

remand, counsel must obtain the Commonwealth's petition for violation of

probation and any pertinent documents or transcripts relating to the

conditions of Appellant's parole and/or probation, and ensure their inclusion

in the certified record. ***Flowers***, 113 A.3d at 1251. After review of the

entire record, counsel shall file either an advocate's brief or a new petition to

withdraw and ***Anders*** brief that fully comply with the requirements detailed

above.

Motion for leave to withdraw denied. Case remanded with instructions. Panel jurisdiction retained.